UNITED STATES *v.* LEHN (No. 245).[1]

1. COMPLETENESS OF RECORD QUESTIONED.

Where the appraiser in answer to a protest returned that no sample of merchandise had been retained because a sample correctly representing it had been retained in another case before the board, and where the cause had been submitted upon that return of the appraiser, it can not be urged that the testimony, so far as this concerned a sample, had been offered in the first case and not in the second; the return and the submission show it had been so offered.

2. MEDICINAL PREPARATIONS WITHOUT ALCOHOL.

The merchandise, guaiacol carbonate, having been found by the board to be a medicinal preparation that contained no alcohol and was prepared without the use of it, and the evidence submitted supporting this finding, the finding will not be disturbed; the importation was dutiable at 25 per cent under paragraph 68, tariff act of 1897.

United States Court of Customs Appeals, May 22, 1911.

APPEAL from Board of United States General Appraisers, Abstract 23229 (T. D. 30585).

[Affirmed.]

*D. Frank Lloyd*, Assistant Attorney General (*Edwin R. Wakefield* on the brief), for the United States.
*Brown & Gerry* for the appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
The merchandise the subject of this proceeding was assessed by the collector as an alcoholic medicinal preparation under paragraph 67 of the act of 1897. It is admittedly a medicinal compound known as guaiacol carbonate. The Board of General Appraisers reversed the collector's assessment, holding the article to be a compound in the preparation of which alcohol was not used, and directed its assessment at 25 per cent under paragraph 68 of the act of 1897. The two paragraphs read as follows:

67. Medicinal preparations containing alcohol, or in the preparation of which alcohol is used, not specially provided for in this act, fifty-five cents per pound, but in no case shall the same pay less than twenty-five per centum ad valorem.

---

[1] Reported in T. D. 31625 (20 Treas. Dec., 1072).

68. Medicinal preparations not containing alcohol or in the preparation of which alcohol is not used, not specially provided for in this act, twenty-five per centum ad valorem.   * *. *

The opinion of the board states:

The protests were submitted on the testimony taken in the case of Hoffmann-La Roche Chemical Works, Abstract 23078 (T. D. 30547), and upon the report of the appraiser wherein he states that the sample in the case at bar correctly represents the sample in the case above cited. No objection was made by Government counsel to the admission of either the testimony or sample. On the authority, therefore, of Abstract 23078, *supra*, we sustain the claim in the protests and overrule the decision of the collector in each case.

The assignments of error are, first, that the board erred in finding that the merchandise in question was dutiable as a medicinal preparation; nonalcoholic, and in not finding that the merchandise in question was a medicinal preparation containing alcohol or in the preparation of which alcohol is used, and in finding that the testimony in the case of Hoffmann-La Roche Chemical Works was sufficient to support the claim that the merchandise in question is a medicinal preparation not containing alcohol or prepared by the use of alcohol.

The last assignment of error is the one which raises the pivotal question in the case. It is said in the brief of counsel for the Government that the record does not show that the testimony in the case of Hoffmann-La Roche Chemical Co. was ever offered as a part of the record in this case, and until it was so offered there was no ground for objection.

We think Government's counsel are not in a position to raise this question. The assignment of error implies that the testimony in the Hoffmann-La Roche Chemical Co. case was a part of the record, and at the conclusion of the case the statement was made by counsel for the importer:

Submitted upon the statement of the appraiser that the merchandise is the same identically as in the Hoffmann-La Roche case, and that the sample in the test case of Hoffmann-La Roche is a proper sample in our case. Submitted.

The appraiser, in answer to the protest, returned as follows:

No sample retained from this shipment in view of the fact that a sample correctly representing the merchandise in question was filed with Protest 11897, Hoffmann-La Roche Chemical Co., May 17, 1909.

We think, therefore, the testimony in the Hoffmann-La Roche case may properly be considered.

Turning to that record we find the fact to be that a witness was produced who was the chief chemist and one of the managing directors of the Hoffmann-La Roche Chemical Co., who testified that guaiacol carbonate manufactured by that firm was prepared by a process with which he was familiar; that it contained no alcohol; and that no alcohol was used in its preparation. We have, then, evidence of a process of manufacture of a product of which the sample in the Hoffmann-La Roche case was representative, and which sample was

accepted by the Government's appraiser as correctly representing the merchandise in question, and evidence that this process did not involve the use of alcohol in its preparation. This, we think, was sufficient to show *prima facie* that the product here in question was not produced by the use of alcohol, and as there is no evidence in the case to overcome this *prima facie* showing, the conclusion of the Board of General Appraisers upon the facts should not be disturbed.

It follows that the decision of the board is *affirmed.*